### Ellen A. Smith v. John S. Curry.

1. WILLS—*Irreconcilable Clauses.*—Where two clauses of a will are diametrically opposed to each other, and are wholly irreconcilable, the latter must prevail; yet such latter clause, if such construction can be fairly given it, should be deemed to affirm, not to contradict, the earlier clause.

2. WILLS—*Clearly Expressed Intention.*—A clearly expressed intention in one portion of a will is not to be overcome by a doubtful construction of another portion.

3. WILLS—*Intention of Testator—Codicil.*—The intention clearly expressed ought to be carried into execution, unless the codicil unequivocally evinces that the mind of the testator underwent a change, so that he made other provisions for the disposition of his estate entirely inconsistent with and repugnant to his former intention.

4. REMAINDER—*The Term as Applied to Personal Property.*—The word remainder, as applied to real property, has a technical legal meaning, and while, strictly speaking, there can not be a remainder in personalty, yet for the purpose of convenience of expression an interest in personalty, to take effect after the determination of a prior life estate created by the same instrument, is frequently designated a remainder, and in construing a will the word may with propriety be given a technical legal meaning, or its meaning in popular and common use, as may seem to best accord with the intent of the testator, as gathered from the will as an entirety.

5.  WILLS—*Construction of—Codicil.*—A testator by his will bequeathed unto J. C. $1,000, to be paid out of his personal estate, and the remainder thereof to his wife for life.  He afterward executed a codicil, in which, after the death of his wife, he bequeathed to L. C. "all my household and kitchen furniture of every kind whatsoever, all my live stock, and all the personal property on my farm, in my barn or outbuildings, and in addition to this, at the death of my said wife, the full sum of $4,000 out of my personal estate not mentioned in this codicil," and to E. S. the remainder of his personal estate; *it was held,* that the legacy to J. C. was not revoked.

**Memorandum.**—Petition to construe a will.  Appeal from the Circuit Court of Brown County; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the May term, 1893, and affirmed.  Opinion filed October 28, 1893.

### STATEMENT OF THE CASE.

On the 3d day of March, 1881, William B. Turner, of Brown county, Illinois, executed the following will:

Whereas, I, William B. Turner, of the town of Lee, county of Brown, State of Illinois, being of sound mind and memory, do make, publish and declare this my last will and testament, hereby revoking and annulling all former wills by me made.

First:  It is my will and desire that all my just debts and funeral expenses be fully paid, and a suitable tombstone of the value of not less than seventy-five dollars be erected over my grave.

Second:  I give and bequeath unto my brother-in-law, John S. Curry, and his heirs, forever, one thousand dollars in good and lawful money, to be paid out of my personal estate, and the residue and remainder of my personal estate of every kind and condition, I give and bequeath to my beloved wife, Sarah Turner, during the term of her natural life.

Third:  I give, devise and bequeath unto my beloved wife, Sarah Turner, during the term of her natural life, with all the rents, issues and profits arising therefrom, all the real estate of which I may die seized, described as follows, to-wit (here the real estate is described).  She to keep said premises in good state of repair.

Fourth:  At the termination of my said beloved wife's

estate I give, devise and bequeath unto my nephews, Charles
Turner, William Turner, Samuel H. Wallace, Francis L.
Wallace, Robert L. Banton and James Banton, all of the
residue and remainder of my personal estate undisposed of
by my said wife, to be divided equally between them, and
all of the real estate of which I may die seized, and as above
described. And it is my desire that upon the termination
of the life estate of my wife, that my executor sell and dis-
pose of all the unexpended personal estate above bequeathed,
and all my real estate above described, on such terms and at
such time and place as my executor may deem best, and di-
vide the proceeds arising therefrom equally between my six
nephews above mentioned, and I hereby vest in my execu-
tor full power and authority to dispose of my real estate, in
fee simple, in as full and large manner in every respect as I
could do myself if living, upon the termination of the life
estate of my wife.

And lastly, I do make and appoint my friend Charles
Moffet executor of this last will and testament.

Dated this 23d day of March, 1881.

WILLIAM B. TURNER.    [SEAL.]

And on the 16th day of May, 1887, he executed the fol-
lowing codicil:

CODICIL.

I, William B. Turner, make this codicil to my will and
testament which was dated the 23d of March, A. D. 1881.

First. After the death of my beloved wife, I give, devise
and bequeath unto Lillie Crawford, who has long been a
faithful and affectionate servant of myself and wife, all my
household and kitchen furniture, of every kind whatsoever,
all my live stock and all the personal property on my
farm, in my barn or out-buildings, and in addition to this, at
the death of my said wife, the full sum of four thousand
dollars out of my personal estate, not mentioned in this
codicil.

I give and bequeath unto my niece, Ellen A. Smith, the
remainder of my personal estate.    May 16th, 1887.

WILLIAM B. TURNER.    [SEAL.]

After the death of the testator, which occurred on the

11th day of April, 1891, the will, including the codicil, was duly proven and admitted to probate.

Sarah, the widow of the testator, died on the 3d day of July, 1892.

On the 4th of November, 1892, John Curry filed in the County Court of Brown County a petition asking that the executor pay to him the legacy of $1,000, mentioned in the second clause of the will.

This petition was antagonized by Ellen A. Smith, the legatee named in the last clause of the codicil, her claim being that the codicil made full disposition of all the testator's personal property and operated to revoke the provisions of the will under which Curry claimed as legatee. The County Court entertained the view that such was the proper construction of the will and denied the prayer of the petition of Curry, who appealed to the Circuit Court. The Circuit Court, upon appeal, ruled that the legacy to Curry was not revoked by the will and directed the executors to pay the legacy to Curry.

From this judgment of the Circuit Court Ellen A. Smith appeals to this court.

APPELLANT'S BRIEF, J. F. CARROTT, ATTORNEY.

In construing wills the intention of testator must govern when ascertained, and this intention must be sought for in the language of the will itself, without the aid of extraneous evidence. Blanchard v. Maynard, 103 Ill. 60; Taubenham v. Dunz, 125 Ill. 524.

Extrinsic evidence is admissible to show the circumstances under which the will was made, the state and condition of the property, the family and the like, in order to enable the court to arrive at the intention of the testator. Kaufman v. Breckinridge, 117 Ill. 305.

The codicil to this will makes a different and full disposition of all of the testator's personal property, and to that extent it revokes the will. In re Fisher, 4 Wis. 254.

Where a clause in the original will and one in the codicil thereto are entirely inconsistent, and both can not be executed, the latter clause must prevail. 1 Jarm. on Wills

Smith v. Curry.

(Amer. Notes by Randolph & Talcott), 339; Beardsley v. Selectmen of Bridgeport, 53 Conn. 490; Hunt's Estate, 133 Pa. St. 260; Newcomb v. Webster et al., 113 N. Y. 191.

It was evidently the intention of the testator, as gathered from the two instruments and from all the circumstances, to revoke the will and make an entirely new disposition of his personal property by the codicil. In re Fithian, 44 Hun 457, 181.

APPELLEE'S BRIEF, W. L. VANDEVENTER AND O'HARA,
SCOFIELD & HARTZELL, ATTORNEYS.

1.   A codicil is a supplement to a will by which the will is either enlarged or restricted.   It may add to, or subtract from, alter, explain, confirm, re-execute, revive or republish any will with which it may be incorporated.   There may be many codicils, but there can be but one will.   1 Jarm. on Wills, 5th ed. 27; 4 Kent's Com. 626; Williams on Exrs., 8; Shep. Touch. 399.

2.   The codicil and original will must be regarded and construed together as one single instrument, and nothing is to be rejected except in case of absolute necessity.   Nagley v. Gard, 20 Ohio, 310; 1 Redf. Wills, p. 288, Sec. 4 (2d Ed.); Schouler on Wills, Secs. 468–487; Sturgis v. Work, 22 N. E. Rep. 997; Hervey v. Chouteau, 14 Mo. 587; Beall v. Cunningham, 3 B. Monroe, 390; Brimmer v. Sohier, 1 Cush. 118; City of Peoria v. Darst, 101 Ill. 609; Jenks v. Jackson, 127 Ill. 341; Stinson v. Vroman, 99 N. Y. 74; Wickman v. Samson, 5 Hare, 91; Hitchcock v. Hitchcock, 35 Pa. St. 393; Sherer v. Bishop, 4 Bro. C. C. 55; Day v. Croft, 4 Beav. 561.

3.   The attention of the testator, if not inconsistent with the rules of law, must govern, and this intention is to be ascertained from the whole will and all its parts taken together. Every clause and provision, if possible, should have effect given to it according to the intention of the maker.   Hamlin v. U. S. Express Co., 107 Ill. 448 and cases there cited; Bland v. Bland et al., 103 Ill. 11; Rountree v. Talbot, 89 Ill. 249; 1 Redf. Wills, 334; Dickson v. Dickson, 138 Ill. 541, and cases cited; Schouler on Wills, §§ 8–468–487–478; Jenks et al. v. Jackson, 127 Ill. 341; Taubenhan v. Dunz, 125 Ill.

524; Willis et al. v. Watson et al., 4 Scam. 64; Schæfer v. Schæfer, 141 Ill. 337, No. 3 Ad. sheets.

4.   A clearly expressed intention in one portion of the will is not to yield to a doubtful construction in any portion of the same instrument; and the intent as gathered from the whole will overrides all those technical rules which relate to the construction of words.   Covenhoven v. Schuler, 2 Paige 122; Homer v. Shelton, 2 Met. 202; Schouler on Wills, §§ 208–487; Jenks v. Jackson, 127 Ill. 341; 1 Redf. on Wills, p. 353, pl. 13, 2d Ed., Ib. p. 420.   See cases cited at paragraph 2, *supra*.

5.   A will is never to be disturbed by a codicil further than is absolutely necessary to give it effect.   Schouler on Wills, § 437; Sturges v. Work (Ind.), 22 N. E. Rep. 997; Brant v. Wilson, 8 Cow. 56; Bruce v. Bissell (Ind.), 22 N. E. Rep. 4; Bailey v. Sanger, 9 N. E. Rep. 108 Ind. 264; Conover v. Hoffman, 1 Bosw. 214.

6.   Where the later paper is styled a codicil, it implies an intent to amend but not to repeal.   Schouler on Wills, § 409; Re Howard, L. R. 1 P. & D. 636.

7.   When the terms of the will are clear and unequivocal to give an interest or estate, the words of a codicil must manifest an intent equally clear, unequivocal and decisive, to revoke it.   It is not sufficient to merely raise a doubt as to the revocation, but the language of the codicil must be clearly and irresistibly irreconcilable with the original will. Collins v. Collins, 40 Ohio St. 353; Bailey v. Sanger, 108 Ind. 264; S. C., 9 N. E. Rep. 159; Thornville v. Hall, 2 Clark & F. 22; Hockstelder v. Hockstelder, 108 Ind. 506; S. C., 9 N. E. Rep. 467; Goudie v. Johnson, 109 Ind. 427; Hearle v. Hicks, 8 Bing. 475; Quincy v. Rogers, 9 Cush. 291; Freeman v. Coit, 96 N. Y. 63; Roseboom v. Roseboom, 81 N. Y. 356; 1 Redf. on Wills (2d Ed.), p. 356 pl. 23; City of Peoria v. Darst, 101 Ill. 609.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

We can not assent to the view pressed upon us by counsel for the appellant, that the clauses of the will and of the cod-

icil are in respect of the rights of these parties so irreconcilable and repugnant that both can not stand. "Such a result should never be declared unless, after the application of all rules of construction, it is found that the difficulty is unsolved and the repugnancy invincible." Dickenson v. Dickenson, 138 Ill. 541. The rejection of one clause of a will to uphold another is declared in Jenks v. Jackson, 125 Ill. 341, to be "a desperate remedy, to be resorted to only in case of necessity." And in the same case it is said: "While where two clauses are diametrically opposed to each other and are wholly irreconcilable, the latter must prevail, * * * yet such later clause, if such construction can be fairly given it, should be deemed to affirm, not to contradict the earlier clause." It is also a familiar rule that a clearly expressed intention, in one portion of a will, is not to be overcome by a doubtful construction of another portion of a will. Schouler on Wills, Sec. 208–487; Covenhoven v. Schuler, 2 Paige, 122. The intent of the testator in the case at bar to bequeath $1,000 of his personal estate to the appellee is not only clearly and unequivocally expressed in the second clause of what may, for convenience' sake, be called the original will, but the inference that the testator desired to give such legacy a priority and preference over all other gifts and bequests inevitably arises from the words used in and the context of said second clause. The bequest, the second clause directs, shall be paid to the appellee in good and lawful money, out of the personal estate, as the first disbursement after the payment of debts, etc., and after such payment the residue and remainder of the estate is bequeathed to the wife, Sarah, during her natural life. In the testator's mind this legacy had preference over the provision made for the wife, for whom it is manifest that he entertained full husbandly affection. Aside from bequeathing this legacy to Curry, he invests his wife with full ownership and control of the remainder of his estate of every nature and kind during her life.

The desire and intention to give the legacy to the appellee so clearly expressed ought to be carried into execution un-

less the codicil unequivocally evinces that the mind of the testator has undergone a change and that he made other provisions for the disposition of his estate, entirely inconsistent with and repugnant to his former intention. We do not think there is any necessity for resorting to the " desperate remedy" of rejecting the clause giving the legacy to the appellee. The conflict between the provisions of the codicil and of the will are, we think, apparent only and arise out of a doubtful and strained construction of the terms of the codicil.

The second clause of the original will, as it is called, bequeaths $1,000 out of the personalty to the appellee and the remainder to Sarah, the wife, for life. The third clause devises the real estate to Sarah for life. The fourth clause deals with the property which may, at the death of the wife, remain undisposed of by her, and directs that it be sold and the proceeds divided equally between six nephews of the testator whose names are given.

The codicil in its first clause affects and purports to affect only property given the wife for life by the original will and by her undisposed of during her lifetime, and in its second clause deals with a remainder of the personal estate of the deceased. The word " remainder," as applied to real property, has a technical legal meaning, and while, strictly speaking, there can not be a remainder in personalty, yet for the purpose of convenience of expression an interest in personalty to take effect after the determination of a prior life estate created by the same instrument is frequently designated a remainder, and in construing a will the word may, with propriety, be given a technical legal meaning, or its meaning in popular and common use, as may seem to best accord with the intent of the testator as gathered from the will as an entirety.

We think this word " remainder" was used by the testator in its popular sense, and was intended to designate such of his property as should remain after a portion of it had been applied to other purposes according to the direction of the will; a balance remaining after a portion had been other-

wise appropriated. The will first directs payments of the debts and funeral expenses of the testator and the cost of a tombstone. A balance or remainder of the personal estate would remain after such expenditures, but no one would contend that it was this balance or remainder that the testator intended to give the appellant, for that would leave the wife and Lillie Crawford as well as the appellee, wholly unprovided for. The desire of the husband to provide liberally for the wife is so manifest and natural, and the special provisions for Lillie Crawford so clear, as to render a conclusion that he intended to exclude them in favor of this appellant preposterous and absurd. After providing for the payment of his debts, funeral expenses and cost of a tombstone the testator bequeaths the legacy to the appellee and directs that the same be paid in good and lawful money out of his estate, and thus a second remainder or balance is created. This balance or remainder is, however, given to the wife; and when the whole will is considered together, it would be in unjustifiable defiance of the unmistakable intention of the testator to hold that he intended by the clause in the codicil in question to exclude the wife and vest the balance of his property after the payment of the legacy to Curry in the appellee. He had no such thought. He intended that his wife should have for life all his personalty after his debts, funeral expenses and the legacy to Curry had been paid. At the death of his wife the balance or remainder of the property not used by her was to be disposed of. This is the remainder the codicil refers to and makes disposition of, and it was intended by the codicil to change and affect only the fourth clause of the original will. This construction seems to us the only reasonable one. It harmonizes all apparent inconsistencies and carries into execution the manifest wish of the maker.

If the testator designed the use of the word remainder in its technical sense the construction we have given the will would be as well sustained as if the popular meaning of the word be adopted.

In such sense the word remainder would apply only to an

interest in personalty remaining at the expiration of a prior life estate created by the will. The only such life interest is that of the wife, and it included only such of testator's personalty as should remain after the payment of the legacy to Curry. The remainder could not include more. In any view that may be taken the judgment of the court was right and must be and is affirmed.